IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ARI KOPIN AND JULEE KOPIN, § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Case No. 4:11-cv-751 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| *Defendant.* § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the court is Defendant's Motion for Summary Judgment and Brief in Support (Dkt. # 21), Plaintiffs' Response (Dkt. # 23), and Defendant's Reply (Dkt. # 28) as well as Defendant's Motion to Strike the Affidavit of Julee Kopin (Dkt. #27) and Plaintiffs' Response (Dkt. #32). Having considered the Defendant's motions, the briefs of both parties, and the appropriate evidence, the court is of the opinion that Defendant's Motion for Summary Judgment (Dkt. #21) should be **GRANTED**. Defendant's Motion to Vacate the Mediation Deadline (Dkt. #20), Plaintiffs' Motion in Limine (Dkt. # 31), and Defendant's Motion in Limine (Dkt. #33) are hereby **DENIED** as moot.

I. **JURISDICTION AND VENUE**

Jurisdiction is proper in this court under 28 U.S.C. §§ 1332(a)(1) and 1367. Venue is proper under 28 U.S.C. § 1391(b)(2).

II. **DEFENDANT'S OBJECTIONS TO PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE**

Before turning to the merits of Defendant's motion, the court must address Defendant's objections to Plaintiffs' summary judgment evidence—specifically to the affidavit of Julee Kopin (Dkt. #27). "A party may object that the material cited to support or dispute a fact cannot

be presented in a form that would be admissible in evidence."[1] Defendant objects to Plaintiff Julee Kopin's affidavit as being conclusory without any supporting facts and including inadmissible hearsay.

     A court may consider only admissible evidence in ruling on a motion for summary judgment.[2] Generally, "summary judgment evidence is subject to the same rules of admissibility applicable to a trial."[3] But Rule 56 permits a district court to rely on affidavits that are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated" when evaluating a motion for summary judgment.[4] "The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."[5] Unsubstantiated assertions, conclusory allegations, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[6] Indeed, "unsupported . . . affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment."[7] The court has reviewed the evidence provided by the parties in accordance with these principles and considered only those portions of the affidavit that are made on personal knowledge and set out facts that would be admissible in evidence.[8] Therefore, the Defendant's motion to strike the entire affidavit of the Plaintiff is **DENIED**.

---

[1] FED. R. CIV. P. 56(c)(2).
[2] *Mersch v. City of Dallas*, 207 F.3d 732, 734-35 (5th Cir. 2000).
[3] *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995).
[4] FED. R. CIV. P. 56(c)(4).
[5] *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 888 (1990).
[6] *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).
[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).
[8] *See* FED. R. CIV. P. 56(c)(4).

### III. BACKGROUND

Ari and Julee Kopin contracted with Supreme Vision Homes, LP to complete construction on a home at 1253 Spanish Moss Drive, Savannah, Texas 76227. On January 30, 2007, Plaintiffs procured a loan from Amerisave Mortgage Corporation in the amount of $257,000 to purchase the property. Amerisave later assigned the Note and Deed of Trust to Wells Fargo.

Plaintiffs fell behind on their payments in late 2009. Wells Fargo sent Plaintiffs a default notice via certified mail on January 17, 2010. After Plaintiffs failed to cure the default, Wells Fargo commenced foreclosure proceedings and scheduled a sale of the property in May 2010. Plaintiffs allege that they have experienced numerous problems with the construction of their home rendering it uninhabitable. As a result, they filed a lawsuit in state court in Denton County, Texas, on March 31, 2010, against the builder and developer and included Wells Fargo as a defendant.[9] Wells Fargo then postponed the scheduled foreclosure sale to review the Kopins' account and determine if there were any alternatives to foreclosure. To enable Wells Fargo to consider the Kopins' loan for modification under the Home Affordable Modification Program, Wells Fargo requested that the Kopins submit the required financial records[10] by May 14, 2010. The Kopins did not respond. On May 25, 2010, Wells Fargo again sent a second letter requesting that the Kopins submit the necessary information by June 9, 2010. Again, the Kopins failed to

---

[9] The Kopins' state court case is: *Kopin v. Supreme Vision Homes GP LLC*, Case No. 2010-40103-362, pending in state district court in Denton County, Texas.

[10] The Home Affordable Modification Program is a program administered by the Departments of Treasury and Housing and Urban Development that aids eligible property owners by lowering their monthly mortgage payments "in order to make them more affordable and sustainable for the long-term." An application for HAMP requires a mortgagor to submit a "Request for Mortgage Assistance Form," IRS Form 4506T-EZ or 4506-T, and a "Verification of Income" form—all of which are available on the program's website. http://www.makinghomeaffordable.gov/programs/lower-payments/Pages/hamp.aspx (last visited Dec. 28, 2012).

submit the documents, and Wells Fargo scheduled a second foreclosure sale on July 5, 2010. Plaintiffs then obtained a temporary restraining order to prevent the sale from the state court where the suit related to the construction of their home was pending. Wells Fargo then offered to allow Plaintiffs another opportunity to apply for a loan modification in exchange for Plaintiffs dismissing Wells Fargo from the state court suit.[11] Plaintiffs agreed and filed a motion to dismiss on November 8, 2010. Next, Wells Fargo alleges Plaintiffs again failed to submit the documents necessary for their loan to be considered for a modification under HAMP. Therefore, Wells Fargo scheduled a third foreclosure sale on May 3, 2011. Plaintiffs' counsel then contacted Wells Fargo's counsel on April 15, 2011, and Wells Fargo sent a loan modification package via email to Plaintiffs' counsel requesting that the documents be submitted by April 25, 2011. Plaintiffs responded on time, and Wells Fargo postponed the May 3, 2011 foreclosure sale.

On May 12, 2011, Plaintiffs received notice of another foreclosure sale scheduled for June 7, 2011. Wells Fargo postponed the sale until July 5, 2011. Plaintiffs then filed this suit alleging breach of contract, anticipatory breach of contract, violation of the Texas Debt Collection Practices Act, and unreasonable collection efforts. Plaintiffs seek injunctive relief and damages for mental anguish, loss of creditworthiness, loss of title, and loss of time. Plaintiffs contend that Wells Fargo violated the terms of the November 2010 agreement by posting the

---

[11] Plaintiffs' Verified Original Petition (Dkt. # 1-1) and Plaintiffs' Response to Defendant's Summary Judgment Motion (Dkt. #23) state that "[d]uring the course of the litigation, Wells Fargo offered to allow Plaintiffs to apply for a loan modification if Plaintiffs would non-suit Wells Fargo." Pet. 4, Pl.'s Resp. 4. Defendant's Motion for Summary Judgment (Dkt. #21) characterizes the agreement this way: "The Kopins agreed to dismiss Defendant from the State Court Case and, in exchange, Wells Fargo agreed to review Plaintiffs' loan for eligibility for a loan modification." Attached to Defendant's motion as Exhibit 6 was the Declaration of Michael J. Dolan, which explains, "[i]n connection with the lawsuit . . . WELLS FARGO (through counsel) agreed to review the Loan for eligibility for a loan modification under the Home Affordable Modification Program ("HAMP"); and also agreed (through counsel) to forgo foreclosure on the Property until after the Loan modification review (the "Agreement"). In exchange, ARI KOPIN and JULEE KOPIN agreed to, and did, dismiss WELLS FARGO from the State Court Lawsuit." Dolan Aff. ¶ 5.

property for foreclosure sale while Plaintiffs' HAMP application was being considered. Wells Fargo removed this suit to the Northern District of Texas where venue was held to be improper and the case was transferred to this court.

In the interim, Wells Fargo completed its review of the Plaintiffs' HAMP application and determined that the Kopins did not qualify for a modification under the program. Wells Fargo notified the Plaintiffs of the outcome of the review on August 17, 2011. The notification letter indicated that a foreclosure sale would not be scheduled for thirty days from the date of the letter and that Wells Fargo would consider Plaintiffs' account for other possible assistance. Plaintiffs were instructed to contact Wells Fargo within thirty days of the date of the letter.

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] Substantive law determines which facts are material.[13] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[14] "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[15] Therefore, in deciding whether to grant a motion for summary judgment, the court must consider whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[16] The court must construe all facts and inferences in the light most favorable to the nonmoving party.[17] When "the nonmovant bears the burden of proof, the movant

---

[12] FED. R. CIV. P. 56(a).
[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[14] *Id.*
[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[16] *Anderson*, 477 U.S. at 250.
[17] *See Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000).

may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case."[18] Summary judgment is appropriate when the evidentiary material of record, when reduced to admissible evidence, would be insufficient to permit the nonmoving party to carry its burden of proof.[19] The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and "may not rely upon the mere allegations or denials of his pleading."[20] "Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden."[21]

## V. BREACH OF CONTRACT

To prevail on a breach of contract claim, the plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach."[22] Plaintiffs allege that Wells Fargo violated the November 2010 agreement when it scheduled foreclosure sales in May and June 2011 while Defendant was considering Plaintiffs' HAMP application.

The parties do not dispute the existence or validity of the agreement. Plaintiffs assert that Wells Fargo agreed to "*allow Plaintiffs to apply for a modification in exchange for dismissal from the state court suit.*"[23] It is undisputed that Plaintiffs performed under the agreement. Yet Plaintiffs have not pointed to any evidence to demonstrate that Wells Fargo breached the

---

[18] *Payne v. Sw. Bell Tel., L.P.*, 562 F. Supp. 2d 780, 783 (E.D. Tex. 2005).
[19] *See Celotex*, 477 U.S. at 327.
[20] *Id.* at 322 n. 3; *see also* FED. R. CIV. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").
[21] *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (internal quotation marks omitted).
[22] *Oliphant Fin., LLC v. Patton*, No. 05-17-01731, 2010 WL 936688, at *3 (Tex. App.—Dallas Mar. 17, 2010, pet. filed) (mem. op.); *see also Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).
[23] Pet. 4; Pl.'s Resp. 4 (emphasis added).

agreement. The agreement, as described by Plaintiffs, merely required Wells Fargo to allow Plaintiffs to apply for a modification and did not require Wells Fargo to suspend all foreclosure proceedings while it considered their application. According to Plaintiff's Verified Original Petition, the agreement was simply that Wells Fargo would allow Plaintiffs to apply for a loan modification if Plaintiffs would dismiss Wells Fargo from their state court lawsuit. Although not argued by the Plaintiffs in their response to this motion for summary judgment, the only mention of "foreclosure" is contained within the Declaration of Michael Dolan, wherein he states that Wells Fargo agreed "to forgo foreclosure on the property until after the Loan modification review. . ." Indeed, Wells Fargo never has foreclosed.

While Mr. Dolan's affidavit does indicate that Wells Fargo agreed to "forgo foreclosure until after the Loan modification review," "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."[24] Indeed, Eastern District Local Rule CV-56(c) explains that

> [i]n resolving [a] motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts *are controverted in the response filed in opposition to the motion*, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to determine whether the record contains an undesignated issue of material fact for trial before entering summary judgment.[25]

Plaintiffs did not refute Defendant's characterization of the terms of the agreement as simply requiring Wells Fargo to consider Plaintiffs' loan for modification in exchange for dismissal from the state court suit. Therefore, Defendant's motion for summary judgment on Plaintiffs' breach of contract claim is **GRANTED**.

---

[24] *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).
[25] EASTERN DIST. TEX. R. CV-56(c) (emphasis added).

Plaintiffs assert in a footnote that "Wells Fargo failed to address [Plaintiffs' waiver] claim and therefore Plaintiffs will also not address their waiver claim" because it is not properly before the court.[26] However, Plaintiffs' waiver argument appears within the section of their petition that asserts their breach of contract and anticipatory breach of contract claims. Wells Fargo's motion for summary judgment explicitly responded to this portion of the petition and its factual basis, and thus the Plaintiffs "were on notice that they had to come forward with all their evidence."[27] Even assuming that Plaintiff asserted a separate cause of action for waiver, Plaintiffs have not come forward with any factual evidence to support this claim. Under Texas law, "[w]aiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right."[28] Plaintiffs have not pointed to any evidence that Wells Fargo intentionally relinquished its right to foreclose under the Note and Deed of Trust.

### VI. ANTICIPATORY BREACH OF CONTRACT

An anticipatory breach of contract "is a positive and unconditional refusal to perform the contract in the future, expressed either before performance is due or after partial performance."[29] To establish a claim for anticipatory breach of contract, a plaintiff must show: "(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party."[30] "An anticipatory repudiation of a contract may consist of either words or actions by a party to that contract that indicate an intention that he or she is not going to

---

[26] Pl.'s Resp. 6 n.1.
[27] *Thomas v. EMC Mortgage Corp.*, No. 12-10143, slip op. at 4 (5th Cir. Nov. 30, 2012).
[28] *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008).
[29] *Van Polen v. Wisch*, 23 S.W.3d 510, 516 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).
[30] *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004).

perform the contract according to its terms."[31] But "the declaration of intent to abandon must be in positive and unconditional terms."[32]

Plaintiffs allege that Defendant repudiated the agreement in three ways. First, Plaintiffs claim that Defendant repudiated the Deed of Trust by failing to provide Plaintiffs with an opportunity to cure or reinstate their loan. This argument is misplaced and contradicted by the undisputed facts. Plaintiffs have not provided any evidence that creates a genuine issue of material fact that they were not given an opportunity to reinstate their loan. Indeed, Wells Fargo's January 17, 2010 letter specifically advises Plaintiffs that they are in default and provides an amount necessary to cure the default and a deadline by which to submit it.[33] Further, Plaintiffs have offered no explanation as to how this allegation relates to Wells Fargo's purported breach of the November 2010 agreement.

Second, Plaintiffs argue that Defendant breached the November 2010 agreement because Defendant has offered no explanation for posting the property for foreclosure sale on May 3, 2011. Yet, as explained above, Plaintiff has not pointed to any evidence that Wells Fargo was required to suspend foreclosure proceedings while it considered Plaintiffs' HAMP application. Further, Plaintiffs have not provided any evidence that Wells Fargo repudiated its obligation to consider their HAMP application.

Third, Plaintiffs claim that Defendant breached the agreement set out in the August 17, 2011 letter denying Plaintiffs' HAMP application. Plaintiff has not provided any evidence that the August 17 letter was intended to be a contract--much less that Defendant repudiated it. The letter indicated that Plaintiffs did not qualify for a HAMP modification, that Defendant would consider Plaintiffs' loan for other available assistance programs, and that no foreclosure sale

---

[31] *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 631 (N.D. Tex. 2010).
[32] *Preston v. Love*, 240 S.W.2d 486, 487 (Tex. Civ. App.—Austin 1951, no writ).
[33] Dolan Aff. Ex. A-2.

would be scheduled within thirty days of the date of the letter. Even assuming, *arguendo*, that the letter created a valid contract, Plaintiff has not raised any evidence that Defendant repudiated it. Therefore, Defendant's motion for summary judgment on Plaintiffs' anticipatory breach of contract claim is **GRANTED**.

### VII. TEXAS DEBT COLLECTION PRACTICE ACT

Plaintiffs next assert a claim under the Texas Debt Collection Practices Act ("TDCPA"). The TDCPA prohibits debt collectors,[34] in debt collection,[35] from making fraudulent, deceptive, or misleading representations concerning "the character, extent, or amount of a consumer debt."[36] The TDCPA also prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."[37] "For a statement to constitute a misrepresentation under [the TDCPA], [d]efendants must have made a false or misleading assertion."[38] The TDCPA applies to foreclosure actions because "foreclosure actions inevitably involve a debt collection aspect." [39]

Plaintiffs first allege that Defendant was prohibited by law from foreclosing and selling the property because its rights to accelerate and foreclose had never matured. Specifically, Plaintiffs claim that Defendant did not comply with the Deed of Trust because it failed to allow Plaintiffs to reinstate their loan after they were denied a loan modification. This argument is

---

[34] A debt collector is "a person who directly or indirectly engages in debt collection." TEX. FIN. CODE ANN. § 392.001(6).
[35] Debt collection is "an action conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due to a creditor." TEX. FIN. CODE ANN. §392.001(5). A "consumer debt" is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." TEX. FIN. CODE ANN. § 392.001(2).
[36] TEX. FIN. CODE ANN. § 392.301(a)(8).
[37] *Id*. at § 392.304(a)(19).
[38] *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010).
[39] *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 730-732 (N.D. Tex. 2011).

unpersuasive. The terms of the Deed of Trust do not require Defendant even to consider Plaintiffs' loan for modification. Indeed, it is undisputed that Plaintiffs are in default on their loan and have been in default since December 2009, and Plaintiffs have not pointed to any evidence that would support their allegation that Defendant was prohibited from exercising its right to foreclose.

Second, Plaintiffs contend that Defendant violated the TDCPA by misleading Plaintiffs into entering the November 2010 agreement. Plaintiffs have not raised any evidence that Defendant used any false representation or deceptive means to collect a debt, obtain information from Plaintiffs, or to get them to enter into the November 2010 agreement. Indeed, Plaintiffs were represented by counsel at the time they entered into the November 2010 agreement. Therefore, Defendant's motion for summary judgment on Plaintiffs' TDCPA claim is **GRANTED**.

Plaintiffs' claim for damages under the Texas Deceptive Trade Practices Act (TDTPA) is based solely on their TDCPA claim, and, accordingly, Defendant's motion for summary judgment on Plaintiffs' TDTPA damages claim is also **GRANTED**.

### VIII. UNREASONABLE COLLECTION EFFORTS

Under Texas law, "(u)nreasonable collection is an intentional tort."[40] "[T]he elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case."[41] The reasonableness of conduct is judged on a case-by-case basis.[42] Pleadings sufficient to support a claim for unreasonable collection efforts must contain facts that amount to "a course of harassment" by the defendant that "was willful, wanton, malicious, and

---

[40] *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.).
[41] *Id.*; *see also B.F. Jackson, Inc. v. Costar Realty Info., Inc.*, No. H-08-3244, 2009 WL 1812922, at *5 (S.D. Tex. May 20, 2009).
[42] *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-370, 2011 WL 676955, at *6 (E.D. Tex. Jan. 27, 2011), *adopted by*, 2011 WL 675392 (E.D. Tex. Feb. 16, 2011).

intended to inflict mental anguish and bodily harm."[43] Plaintiffs assert that Defendant's actions were unreasonable and violate the ordinary standard of care "required of mortgage loan servicing companies."[44] However, the standard for evaluating a claim of unreasonable collection efforts requires a showing of intent rather than negligence.[45]

Plaintiffs assert that "Defendant engaged in unreasonable collection efforts by repeatedly misrepresenting Plaintiffs' options and available remedies"[46] and that "[i]t was willful and malicious for Wells Fargo to attempt to foreclose upon Plaintiffs' property on July 5, 2011, when their own records show Plaintiffs were still being reviewed for a loan modification." Other than this conclusory allegation, Plaintiffs have failed to provide any evidence to establish a genuine issue of material fact that Defendant acted willfully or with intent to inflict harm by exercising their right to foreclose on the property. Plaintiffs have also not pointed to any evidence that shows Wells Fargo misrepresented their options. Defendant's motion for summary judgment on Plaintiffs' unreasonable collection efforts claim is **GRANTED**.

IX. CONCLUSION

Plaintiff failed to raise a genuine issue of material fact that would preclude summary judgment. Therefore, based on the foregoing, the Defendant's motion for summary judgment is hereby **GRANTED**.

**SIGNED this the 4th day of January, 2013.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[43] *Id.*
[44] Pet. ¶ 27.
[45] *Bray v. Cadle Co.*, No. 4:09-cv-663, 2010 WL 4053794, at *19 (S.D. Tex. Oct. 14, 2010); s*ee also Thomas v. EMC Mortgage Corp.*, No. 12-10143, slip. op. at 6 (5th Cir. Nov. 30, 2012) (noting the *Lathram* standard "has largely been disavowed by Texas courts"); *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 636 (N.D. Tex. 2010) ("[E]vidence of negligence is insufficient to support a cause of action for unreasonable collection efforts.").
[46] Pl.'s Resp. 17.